## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:    AMERICAN MEDICAL SYSTEMS, INC.,
          PELVIC REPAIR SYSTEM
          PRODUCTS LIABILITY LITIGATION                    MDL No. 2325

THIS DOCUMENT RELATES TO:

*Chelala, et al. v. American Medical Systems, Inc., et al.*
Civil Action No. 2:13-cv-20086

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant, American Medical Systems, Inc.'s ("AMS") Motion to Dismiss. [ECF No. 14]. The plaintiffs, who are pro se, have not responded, and the deadline for responding has expired.  Thus, this matter is ripe for my review.  For the reasons stated below, the motion is **GRANTED in part and DENIED in part**.

AMS's Motion arises from this court's Order [ECF No. 12], entered on August 2, 2016, which was sent to the plaintiffs via certified mail, return receipt requested,[1] denying AMS's Motion for Sanctions, including monetary penalties and dismissal with prejudice, for failure to serve a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order ("PTO") # 19. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 [ECF No. 12]

---

[1] The signed return receipt card shows that this order was delivered. [ECF No. 13].

(applying the *Wilson* factors to Ms. and Mr. Chelala's case).[2] Concluding that the first three factors weighed in favor of sanctions as requested by AMS, I nevertheless declined to award the requested sanctions of either dismissal or monetary sanctions because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave plaintiffs a final chance to comply with the deadlines set forth in PTO # 19. I afforded them 30 business days from the entry of the Order to submit to AMS a completed PPF, with the caveat that a failure to do so may result in dismissal of AMS as a defendant in their case upon motion by AMS. Despite this warning, Ms. and Mr. Chelala have again failed to comply with this court's orders and did not provide AMS with a PPF within the 30-day period. Consequently, AMS moved to dismiss with prejudice.

Because the less drastic sanction instituted against Ms. and Mr. Chelala has had no effect on their compliance with and response to this court's discovery orders, which they have continued to blatantly disregard, I find that dismissing AMS is now appropriate. For the reasons explained in my August 2, 2016 Order [ECF No. 12], it is **ORDERED** that the defendant's Motion to Dismiss [ECF No. 14] is **GRANTED IN PART** in that AMS is **DISMISSED with prejudice** and **DENIED IN PART** as to other sanctions sought by AMS.  Other defendants remain in this case.

---

[2] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the plaintiffs via certified mail, return receipt requested to the following address:

> Doris and Tony Chelala
> 18923 Glen Cairn Way
> Strongsville, OH 44149

ENTER:      November 18, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE